# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANETTE DUNKLE,<br><br>    Plaintiff,<br><br>  v.<br><br>JENNIFER DALE in her individual capacity, KAREN MORRISON in her individual capacity, JESSIE LOPEZ in his individual capacity, CHRISTINE SHERIDAN in her individual capacity, DOES 1-20, Inclusive,<br><br>    Defendants. | Case No. 3:14-cv-0005-RRB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM** |

## I. INTRODUCTION

Plaintiff filed a complaint under 42 U.S.C. §1983 based on allegations that social workers and state troopers ("Defendants") violated her right to be free from unreasonable searches and seizures after social worker Jennifer Dale assumed emergency custody of Plaintiff's newborn infant A.F. on January 20, 2012. Plaintiff has also asserted loss of familial association, warantless seizure, false testimony, fabricated evidence, intentional infliction of emotional distress. abuse of process, and negligence as a result of the emergency removal of Plaintiff's child. Plaintiff primarily accuses social worker Jennifer Dale as the person who "seized" the child and describes the other defendants as "alter egos" who are "vicariously liable" and who "agreed upon, ratified, and/or conspired together" in the removal of the child A.F. Defendants have filed a Motion to Dismiss for Lack of

Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) at **Docket 25**. Because Defendants have also sought dismissal based on preclusion, the Court characterizes the motion under Federal Rule of Civil Procedure 12(b)(6) as well. Plaintiff responds at Docket 34 with Defendants replying at Docket 43. Plaintiff has also moved for oral argument at Docket 44.

## II. BACKGROUND

Plaintiff gave birth to a baby girl, A.F., two weeks premature, on January 17, 2012.[1] An emergency Caesarean section, or C-section, procedure was used to deliver the baby after it was determined that there was insufficient amniotic fluid to support the baby.[2] A.F. weighed only 4 pounds 10 ounces at birth and tested positive for opiates in her system.[3] Shortly thereafter, the hospital social worker reported the birth and positive drug screen of A.F. to the Office of Children's Services ("OCS").[4] Plaintiff argues that the report to OCS was due to an unspecified state law requirement due to Plaintiff's history with OCS.[5]

Plaintiff already had a history with OCS. OCS had taken custody of her older child, J.F., in 2009 when the child was 2 years of age.[6] Because of Plaintiff's extensive history of substance abuse

---

[1] Docket 1 at 5.

[2] *Id*.

[3] Docket 26, Exhibit 3.

[4] Docket 1 at 8-9.

[5] *Id*. at 5.

[6] Docket 26, Exhibit 3 at 5.

and violent domestic relationships, social workers with OCS had previously created a case plan to attempt to reunite Plaintiff with J.F.[7] These efforts were reportedly unsuccessful as proceedings to terminate parental rights to J.F. had commenced at the time of A.F.'s birth. Plaintiff's parental rights and responsibilities as to J.F. were ultimately terminated by the Alaska Superior Court on March 27, 2012.[8]

In response to the report from the hospital, Defendants, under the direction of Dale, assumed emergency custody of A.F. on January 20, 2012, pursuant to Alaska Statute § 47.10.142(a)(3), and filed a petition with the state court alleging A.F. was a "child in need of aid" ("CINA").[9] Defendants have asserted that the totality of the circumstance–including Plaintiff and A.F. testing positive for opiates, Plaintiff's untreated substance abuse, violent relationships, and failure to comply with her case plan with J.F.– placed A.F. at substantial risk for abuse and neglect.[10] In accordance with Alaska Statute § 47.10.142(d), a temporary custody hearing was held on January 23, 2012, to evaluate the temporary custody by OCS.[11] The court found that remaining in Plaintiff's custody put A.F. at further risk of harm and A.F. was to remain in the custody of OCS until the hearing on February 2, 2012.[12]

---

[7] *Id.* at 11.

[8] Docket 26, Exhibit 5.

[9] Docket 1 at 5-7; Docket 26, Exhibit 3.

[10] Docket 26 at 6.

[11] Docket 26, Exhibit 2.

[12] *Id.* at 3.

At the February 2, 2012, hearing, Plaintiff challenged the basis and probable cause for removal of A.F. from her custody. During the hearing Defendant Dale testified and was cross-examined by Plaintiff's counsel and the court reviewed the evidence supporting the removal of A.F. from Plaintiff's custody. The court found that there was "probable cause" to believe that A.F. was a CINA and found that continued placement with Plaintiff was contrary to the child's welfare.[13] The court committed A.F. to the temporary custody of OCS pending the adjudication phase of proceedings. The court issued an order of adjudication on April 23, 2012, that, based on a preponderance of evidence, A.F. continued to be a CINA and that it was contrary to the welfare of A.F. to return to Plaintiff's custody.[14] The court held a hearing regarding the parental rights and responsibilities of Plaintiff for A.F. and ultimately granted OCS's petition to terminate parental rights on October 22, 2012.[15]

Plaintiff appealed the court's decision to the Alaska Supreme Court.[16] The Alaska Supreme Court supported all findings and affirmed the state court's order terminating parental rights on April 2, 2014.[17]

---

[13] Docket 26, Exhibit 3.

[14] Docket 26, Exhibit 6.

[15] Docket 26, Exhibit 8.

[16] 2014 WL 1357038 (Alaska).

[17] *Id.*

## III. STANDARD OF REVIEW

### A.     FRCP 12(b)(1)

A complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims persuant to Federal Rule of Civil Procedure 12(b)(1). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction.[18] Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss.[19]

### B.     FRCP 12(b)(6)

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the absence of sufficient facts alleged under such a theory or the lack of a cognizable legal theory.[20] All material allegations in the complaint are treated as true and construed in the light most favorable to the plaintiff. In order to survive such a motion, the complaint need not provide detailed factual allegations, but must state a claim for relief, "plausible on its face," and not simply a formulaic recitation of the elements of a cause of action.[21] The court is not, however, required to accept as true legal conclusions or "threadbare recitals of the elements of a cause of

---

[18] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

[19] *Id.*

[20] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).

action" supported by mere conclusory statements.[22] The court may also take into consideration issue and claim preclusion in assessing whether a complaint states a claim.[23] Where the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile.[24]

## IV. DISCUSSION

Defendants have argued that this Court should dismiss this matter on three bases. First, that the Rooker-Feldman doctrine specifies that this Court lacks subject matter jurisdiction in this matter because it requires a review of the state courts findings and judgments. Second, Defendants assert that the doctrine of res judicata precludes this Court from hearing this matter because the claims at issue have already been adjudicated or should have been raised in the prior state court proceedings. Third, this matter is precluded under of the doctrine of collateral estoppel because the issues raised are identical to those already litigated at the state level. This Court addresses each of the bases raised by Defendants individually below.

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009) (internal citations omitted).

[23] *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 2004); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir.2008); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (res judicata may be upheld on a Rule 12(b)(6) motion when relevant facts are shown by court records); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

[24] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that plaintiff's ability to successfully state a claim with another opportunity must have a reasonable chance).

## A. ROOKER-FELDMAN DOCTRINE

Defendants have asserted that this Court lacks subject matter jurisdiction due to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine arises from a pair of cases where, following suit in state court, the losing party filed suit in federal district court, complaining of injury due to the state court's judgment and seeking review of that judgment by the district court.[25] The Supreme Court has held that the Rooker–Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[26] In other words, "[t]he Rooker–Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court."[27]

Plaintiff has asserted that this matter is only related to illegal acts committed by Defendants rather than any legal wrong with the state court's decision and that monetary damages are the only relief sought. While this Court acknowledges that the present matter challenges parts of the state court decision, the Rooker-Feldman bar "applies only when the federal plaintiff both asserts as her

---

[25] *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed.2d 206.

[26] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005).

[27] *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n. 3, 122 S. Ct. 1753, 1759, 152 L. Ed. 2d 871 (2002).

injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment."[28] Thus, because Plaintiff's claims do not constitute a forbidden de facto appeal of the state court decision, Rooker-Feldman does not bar this action. As Plaintiff has asserted a claim for violation of her constitutional rights under 42 U.S.C. §1983, this Court finds that there is subject matter jurisdiction in this matter.

### B. RES JUDICATA

Defendants argue that the state court decision is still dispositive for its preclusive effect. Res judicata, or claim preclusion, bars a suit "when 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"[29] To determine whether a state court judgment would bar an action in federal court, a federal court must apply the res judicata law of the state in which the judgment was entered.[30] In Alaska, "[t]he doctrine of res judicata 'provides that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of

---

[28] *Vacation Vill., Inc. v. Clark Cnty., Nev*, 497 F.3d 902, 911 (9th Cir. 2007) *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

[29] *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) *quoting Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed.2d 308 (1980).

[30] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L Ed.2d 56 (1984).

competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action.'"[31]

Res judicata does not apply in the present suit because Defendants cannot establish that they were, or in privity with, parties in the prior action. The Alaska Supreme Court has spoken clearly on the matter of privity for government workers sued in their personal capacity, specifically social workers. In *State of Alaska, Department of Health & Social Services, Office of Children's Services v. Doherty*, the Alaska Supreme Court found that a social worker, sued personally following significant involvement and testimony in a CINA hearing, "cannot be understood to have been in privity with the state."[32] Because Defendants were neither party to nor in privity with the parties to the prior proceedings, res judicata does not preclude Plaintiff's claims.

C. **COLLATERAL ESTOPPEL**

Defendants also argue that the issues underlying this matter are precluded by the prior state court judgment based on collateral estoppel. The principle of collateral estoppel provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[33] The Supreme Court has held that in the context of collateral estoppel, or issue preclusion, that federal

---

[31] *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006) *quoting Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997).

[32] 167 P.3d 64 (Alaska 2007).

[33] *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414-15, 66 L. Ed. 2d 308 (1980).

courts are required by 28 U.S.C. § 1738 "to give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so."[34]

The application of collateral estoppel in Alaska has four elements: (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[35]

### 1. Assertion Against Party to the First Action

The first requirement of collateral estoppel is met with regard to Plaintiff. Unlike res judicata, which requires the participation or privity from all parties in the subsequent suit, collateral estoppel only requires participation of the party against whom the preclusion is being asserted. In the present case, Defendants have asserted preclusion against Plaintiff and it is undisputed that Plaintiff was a party to the prior proceedings in the state court.

### 2. Identity of Issues Between Actions

The issues on their face are quite similar between this suit and Plaintiff's actions before the state court. The issues raised by Plaintiff in the present suit all stem from Defendants taking emergency custody of A.F. on January 20, 2012, and the continued temporary custody of A.F. by

---

[34] *Id.* at 96.

[35] *Smith v. Stafford*, 189 P.3d 1065, 1075 (Alaska 2008).

ORDER GRANTING MOTION TO DISMISS - 10
3:14-cv-0005-RRB

OCS following the state court hearing on February 2, 2012.[36] Plaintiff specifically challenged the probable cause for temporary custody in that proceeding.[37] Nevertheless, Plaintiff argues that there is not an "identity-of-issues" between these actions. Particularly, Plaintiff asserts that the exigency warranting A.F.'s emergency removal by OCS and Defendants' alleged false statements and fabricated evidence were not issues in the preceding action.

In applying the preclusion law of this state, this Court finds the specific factors enunciated by the Alaska Supreme Court for evaluating identity of issues to be controlling. In *Powercorp Alaska, LLC v. Alaska Energy Authority*, the Alaska Supreme Court recently outline four factors to evaluate the identity of issues":

> Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding? Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? How closely related are the claims involved in the two proceedings?[38]

First, this Court finds there is a substantial overlap of evidence and argument advanced between the two proceedings. Not only does Alaska law require a judge to immediately review the necessity of the emergency removal and temporary custody, but the state court in this case did review the exigency of this matter on January 23, 2012, and specifically found that continued custody by

---

[36] Docket 26, 3 at 23-24.

[37] *Id*. at 3.

[38] 290 P.3d 1173, 1182 (Alaska 2012), as amended on reh'g (Jan. 7, 2013) *adopting* Restatement (Second) of Judgments § 27 (1982).

Plaintiff "would have placed [A.F.] at further risk of harm."[39] Plaintiff was also specifically advised that the court's findings, including approval of emergency removal and reliance on Defendants' statements, could be contested in the proceedings on February 2, 2012.[40] Plaintiff did dispute the state court's finding of probable cause and continued to argue that there was no evidentiary basis for A.F. to be deemed a CINA. Plaintiff has not advanced any further issues that were not present before the state court in the first action as to the emergency removal, conduct of the Defendants, false evidence at hearing, or A.F.'s placement in temporary custody.

Additionally, this Court finds that the previous pretrial preparations would reasonably have been expected to encompass the issue of exigency for emergency custody, Defendants' actions in removing A.F., and the validity of the evidence provided by Defendants. Plaintiff disputed the state court's determination that A.F. was a CINA and contested temporary custody and the eventual termination of her parental rights. Any evidence disputing the exigency of A.F.'s emergency removal would reasonably have been expected to have been raised at any of the state court proceedings. The same holds true for the matter of evidence that was allegedly falsified, patently untrue, or suppressed all of which would reasonably have been expected to be raised in the prior state court proceedings. The Ninth Circuit has recognized that the effect of collateral estoppel dictates that "once an issue is

---

[39] Alaska Stat. Ann. § 47.10.142(e); Docket 26, Exhibit 2 at 3.

[40] *Id*.

raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case."[41]

Finally, this Court finds that the claims involved in the two proceedings are closely related. Although the present case raises claims for violations to Plaintiff's constitutional rights as opposed to claims regarding A.F. being a CINA, they stem from identical facts under the prior proceeding and issues in both suits are similar in scope.[42] The claims between the two actions are also undeniably intertwined. Plaintiff cannot challenge the warrantless removal of A.F. without challenging whether the state court correctly found probable cause that A.F. was a CINA and was at risk of further harm if sin Plaintiff's custody. Similarly, Plaintiff also cannot challenge the evidence and testimony provided by Defendants without disputing the state court's decision which relied upon that evidence and testimony. While the claims are not identical, they nevertheless are very closely related.

After consideration of these factors, this Court finds that there is identity of issues between the prior proceedings and the issues raised by Plaintiff in the present action.

### 3. Final Judgment on the Merits

Finally, the issues in the first action must have been resolved by a final judgment on the merits. The decision by the state court on January 23, 2012, was upheld in the February 2, 2012, proceedings and again in the termination proceedings on April 23, 2013. The state court judgment

---

[41] *Kamilche Co. v. United States*, 53 F.3d 1059, 1063 (9th Cir.1995) (emphasis in original) *quoting Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C. Cir.1992)), opinion amended on other grounds, *Kamilche v. United States*, 75 F.3d 1391 (9th Cir.1996).

[42] *Powercorp*, 290 P.3d at 1183.

was affirmed by the Alaska Supreme Court.[43] The finality of the judgment on the merits at the state level has not been disputed by Plaintiff.

### 4. Issue Essential to the Final Judgment

The basis for Defendants' emergency removal of A.F. and the truthfulness of Defendants statements were essential to the state court's decision. Citing cognizable risk of further harm to A.F., the state court's decision acknowledged the existence of the exigent circumstances in finding probable cause for temporary custody of A.F. Additionally, the testimony and evidence offered by Defendants can be characterized as integral to the state court's decision as it was the exclusive source of testimonial evidence at the proceeding on February 2, 2012. Plaintiff's due process rights were not violated.

Insofar as the Alaska state requirements for collateral estoppel are satisfied, Plaintiff is precluded from relitigating these issues in the present suit.

## V. MOTION TO DISMISS

The Defendants' motion to dismiss for subject matter jurisdiction fails because the Rooker-Feldman doctrine does not apply in the present case and Plaintiff's have asserted a claim under a federal cause of action which grants this court subject matter jurisdiction. However, the prior proceedings at the state court preclude Plaintiff from challenging Defendants' conduct, as discussed above, under collateral estoppel. Without this evidence, Plaintiff has no basis upon which to proceed in this matter. Even construing the complaint in the light most favorable to Plaintiff, preclusion of

---

[43] *See* 2014 WL 1357038 (Alaska).

these critical issues eliminates any cognizable legal theory, and requires that this matter matter be dismissed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[44] Additionally, dismissal of a complaint without leave to amend is proper where it is clear that the complaint could not be saved by amendment.[45] Because dismissal in this matter is predicated on the preclusive effect of the prior proceedings and an amendment would not change the prior proceeding nor the identical facts between these actions, Plaintiff's complaint is dismissed without leave to amend.

## VI. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss and the matter is dismissed with prejudice. Plaintiff's Motion Requesting Oral Arguments is **DENIED** as unnecessary.

**IT IS SO ORDERED** this 10th day of November, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[44] *Balistreri*, 901 F.2d at 699.

[45] *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).